IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN R. HASTINGS                                                        PLAINTIFF

v.                                        Civil No. 4:21-cv-__4004____

AARON R. BRASEL, Deputy Prosecuting Attorney,
Ninth West Judicial District; CLAYTON TINKES,
Public Defender, Howard County; BRYAN L.
CNESSHIR, Prosecuting Attorney, Howard County;
And JAILER DUSTIN WAKEFIELD, Deputy Sheriff,
Howard County                                                            DEFENDANTS

## ORDER

Steven R. Hastings, currently an inmate in the Arkansas Division of Correction, North Central Unit, in Calico Rock, Arkansas, filed this *pro se* civil rights action under 42 U.S.C. § 1983 in the Eastern District of Arkansas on July 20, 2020 .  (ECF No. 2).  On January 27, 2021, the case was transferred to the Western District of Arkansas, Texarkana Division.  (ECF No. 6).

Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.  Pursuant to the Prison Litigation Reform Act**, the Clerk is directed to collect the $350 filing fee from the Plaintiff.**

Plaintiff's Motion for Service (ECF No. 3) is **DENIED** as premature and unnecessary**.**  The matter of service will be determined after Plaintiff submits an Amended Complaint and the Court performs a screening of the Amended Complaint as required by 28 U.S.C. § 1915A..

Plaintiff submitted his Complaint on a form not approved by this District.  In addition, Plaintiff has not clearly stated his claims against the Defendants.  For these reasons, Plaintiff is directed to submit an Amended Complaint by **February 18, 2021.  The Clerk is directed to mail the Plaintiff a court-approved 1983 form.**  In the Amended Complaint, Plaintiff must write short,

1

plain statements telling the Court:  the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed.R.Civ.P.8.  Plaintiff must repeat this process for each person he has named as a Defendant.  Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered.  If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is a First Amended Complaint.  The First Amended Complaint must be retyped or rewritten in its entirely on the court-approved form.  You may not refer back to any part of the original complaint.  A First Amended Complaint supersedes, or takes the place of, the original Complaint.  After amendment, the Court will treat the original Complaint as nonexistent.  Any cause of action that was raised in the original Complaint is waived if it is not raised in the First Amended Complaint.  **This case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint by the Court's imposed deadline of February 18, 2021.**

Plaintiff is advised that he is required to immediately inform the Court of any change of address.  **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address.**  Plaintiff shall submit a change of address on a separate piece of paper entitled "Notice to the Court of Change of Address" and not include any motions or otherwise request relief in this document.  The notice shall contain only information pertaining to the address change.  **Failure to inform the Court of an address change may result in the dismissal of this case.**

**The Court will not attempt to locate an address for you.**

IT IS SO ORDERED this 28th day of January 2021.

/s/ Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE