IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN R. HASTINGS                                                                              PLAINTIFF

v.                                          Case No. 4:21-cv-04004

AARON R. BRASEL, Deputy Prosecuting Attorney,
Ninth West Judicial District; CLAYTON TINKES,
Public Defender, Howard County; BRYAN L.
CHESSHIR, Prosecuting Attorney, Howard County;
And JAILER DUSTIN WAKEFIELD, Deputy Sheriff,
Howard County                                                                               DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Steven R. Hastings pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff is currently an inmate in the Arkansas Division of Correction, North Central Unit in Calico Rock, Arkansas. He filed his original complaint on July 20, 2020, in the Eastern District of Arkansas. (ECF No. 2). On January 27, 2021, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 6). Plaintiff's application to proceed *in forma pauperis* was granted the following day. (ECF No. 8). In response to this Court's order, Plaintiff filed an Amended Complaint on February 16, 2021. (ECF No. 10, p. 3). Plaintiff states that at the time of the alleged incidents he was serving a sentence because of a judgment of conviction entered on October 10, 2018. *Id.*

Plaintiff names the following individuals as Defendants in the Amended Complaint: Aaron R. Brasel - a Deputy Prosecuting Attorney, Bryan L. Chesshir - an elected Prosecuting Attorney, Clayton

Tinkes - Plaintiff's public defender, and Dustin Wakefield - Jailer, Deputy Sheriff for Howard County. (ECF No. 10, p. 2-3). Plaintiff is suing Defendants in their individual and official capacities. He is seeking compensatory and punitive damages. *Id.* at pp. 5-10.

Plaintiff alleges Defendant Brasel "went against the First timers Act for drug crimes did not offer any rehab or drug addiction treatment and since the ADA and ASA all claim claim addiction as a mental illness." (ECF No. 10, p. 4). He describes his official capacity claim against Defendant Brasel stating:

> It is most countys policy that people they feel is guilty of a crime is to see they punishment for that crime but in Howard County Arkansas they give there Sheriff Duptepys job positions as duptupy Sheriff and Jailer so they can let evidence in from a illegal search knowing defendants in there case like the Plaintiff can't unable to afford counsel to they a over work public defender.

*Id.* at p. 5.

Plaintiff's claims against Defendant Chesshir are similar to those against Brasel. Plaintiff states, Defendant Chesshir "did not follow First Timers drug crime act offer no rehab or any drug addiction treatment asis for any mental health examination knowing Plaintiff receive SSA and both the ADA and ASA claims addiction as a mental disorder." (ECF No. 10, pp. 5-6). For his official capacity claim Plaintiff states he "believes it is Howard County prosecuting attorneys job is to receive guilty verdict no matte the case with people like the plaintiff is unable to afford counsel." *Id.* at p. 6.

Plaintiff alleges Defendant Tinkes "lied to plaintiff that the illegal search by Sheriff Deputy claiming it was legal because he a jailer knowing I would not have the knowledge for that to be true he have to be in official capacity as a jailer not a deputy." (ECF No. 10, p. 7). He goes on to describe his official capacity claim against Defendant Tinkes as "Howard County has only two or three at best attorney for plaintiff's that can't afford counsel lieving them overy work with no time to spend on ever case they have." *Id.*

Plaintiff alleges Defendant Wakefield "used is job as a on call Jailer to end run Plaintiff right on illegal search with no warrant when he was in official capacity as a county sheriff deputy and not a

jailer." (ECF No. 10, p. 8).  He describes his official capacity claim stating, "Howard County Sheriff policy is to give there deputy to positions as jailer and sheriff deputy to do illegal search outside they county jail when there sheriff deputy are in official capacity as a deputy not a jailer as deputy claiming inventory search out side the county jail." *Id.*

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, a *pro se* plaintiff must allege specific facts sufficient to support a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A.  Defendants Brasel and Chesshir

Defendants Brasel and Chesshir were the prosecutors involved in pursuing the criminal charges against Plaintiff.

Plaintiff's claims against these Defendants in their individual capacity must be dismissed because as prosecutors they are immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at

427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."[1] *Id.* at 430. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (holding that a county prosecutor was entitled to absolute immunity from suit because his actions were determined to be closely related to his role as an advocate for the state).

Plaintiff failed to allege Defendants Brasel or Chesshir engaged in any conduct other than actions taken in connection with their duties as prosecuting attorneys during the judicial phase of Plaintiff's criminal case. Accordingly, Defendants Brasel and Chesshir are entitled to absolute immunity and the claims against them in their individual capacity are dismissed with prejudice.

Plaintiff's claims against Defendants Brasel and Chesshir in their official capacity must also fail. A suit against a government employee in their official capacity is functionally a suit against the governing entity that employs them. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Official capacity claims require proof that an individual's rights were violated pursuant to a government entity's policies or customs. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Plaintiff's complaint contains no allegations of how any policies or customs of a government entity caused his rights to be violated. Accordingly, his official capacity claims against Defendants Brasel and Chessir must be dismissed with prejudice.

**B. Defendant Tinkes**

Defendant Tinkes, a public defender who represented Plaintiff during his criminal proceedings, is not subject to suit in his individual capacity under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendant Tinkes was not acting under color of state law

---

[1] The Court recognizes that Prosecutors have additional duties that precede their role as an advocate for the State. In preparing to bring criminal charges and in preparing for trial, a prosecutor is often required to act as an administrator or investigator rather than an officer of the court. As acknowledged in *Imbler v. Pachtman,* the Court must distinguish those acts intimately associated with the judicial phase of the criminal process from acts done as an administrator or in an investigative capacity. *Id.*

4

while representing Plaintiff in his criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Tinkes and the claims must be dismissed with prejudice.

### C. Defendant Wakefield

Plaintiff identified Defendant Wakefield as a "jailer and deputy sheriff" for Howard County. He alleges Defendant Wakefield "used his job . . . to end run Plaintiff right on illegal search with no warrant when he was in official capacity as a county sheriff deputy and not a jailer." (ECF No. 10, p. 8). However, Plaintiff's claim against Defendant Wakefield for this alleged illegal search cannot proceed due to the *Heck* doctrine.

The Supreme Court has held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). This means that successful § 1983 claims that would invalidate a conviction cannot proceed until there is proof the conviction has been overturned through other avenues, such as a *habeus corpus* petition. *See id*. at 486-87. If a successful § 1983 claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. *See id*. at 487.

A damages action for an illegal search does not necessarily imply the invalidity of a conviction due to doctrines such as independent source, inevitable discovery, and harmless error. *Heck,* 512 U.S. at 487 n. 7. "In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does

not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned)." *See id.* The Eighth Circuit has interpreted this footnote to create a general exception from *Heck* for Fourth Amendment unreasonable search and seizure claims. *See Simmons v. O'Brien,* 77 F.3d 1093, 1095 (8th Cir. 1996).

Here, Plaintiff's claim of an illegal search against Defendant Wakefield would undermine the validity of Plaintiff's conviction. Thus, his claim does not fall into the exception to the *Heck* doctrine for illegal searches that do not invalidate a conviction. *Heck,* 512 U.S. at 487 n. 7. Plaintiff has not alleged that his conviction has been invalidated by the highest state court or in a federal *habeas* proceeding. Therefore, his § 1983 claim arising from the allegedly illegal search is barred by the *Heck* doctrine and cannot proceed. 512 U.S. at 486-87. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. *See e.g.*, *Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claim against Defendant Wakefield is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendants Brasel, Chesshir, and Tinkes are **DISMISSED WITH PREJUDICE,** and the claim against Defendant Wakefield is **DISMISSED WITHOUT PREJUDICE**.

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED** this 10th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge